UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILTROBER HERNANDEZ,

    Plaintiff,

v.                                Case No: 8:20-cv-316-CEH-CPT

PASCO COUNTY SHERIFF,
CHRISTOPHER NOCCO, BRAD
CLARK, CHRISTOPHER
STARNES, ADAM TELLIER,
RUSSELL MEISSNER, STEPHEN
MCINNES and BERNIE MCCABE,

    Defendants.
_____/

**O R D E R**

This cause comes before the Court upon the Opposed Amended Motion to Dismiss the Second Amended Complaint by Defendant Christopher Starnes (Doc. 50) and the Amended Motion to Dismiss Second Amended Complaint with Prejudice by Defendants Sheriff, Nocco, Clark, Tellier, Meissner, and McInnis (Doc. 51). Plaintiff Wiltrober Hernandez responds in opposition (Docs. 53, 54). Having considered the parties' submissions and being fully advised in the premises, the Court will deny the motions to dismiss.

**DISCUSSION**

In this action, Wiltrober Hernandez sues Pasco County Sheriff Christopher Nocco and several Pasco County law-enforcement officers. Doc. 44 ¶¶9–15, 41–75. In Count I, Hernandez sues "Pasco County Sheriff and Pasco County Sheriff,

1

Christopher Nocco," for false arrest under Florida law. *Id.* at ¶¶41–62. In Count II, Hernandez sues Officers Starnes, Clark, Meissner, McInnes,[1] and Tellier under 42 U.S.C. § 1983 for First Amendment retaliation. *Id.* at ¶¶63–68. And in Count III, Hernandez sues "Pasco County Sheriff and Pasco County Sheriff, Christopher Nocco," for negligent supervision and retention under Florida law.[2] *Id.* at ¶¶69–75.

On April 6, 2021, Defendants moved to dismiss the Second Amended Complaint under Rule 12(b)(6): Starnes filed a motion to dismiss, and Nocco, Clark, Tellier, Meissner, and McInnes filed a motion to dismiss (Docs. 50, 51). Because the Court is addressing a backlog of criminal jury trials resulting from the suspension of jury trials during the COVID-19 pandemic, the Court has not yet ruled upon the motions to dismiss. Notwithstanding the pendency of the motions to dismiss, Defendants moved for summary judgment on Hernandez's claims on November 5, 2021: Starnes filed a motion for summary judgment, and Nocco, Clark, Tellier, Meissner, and McInnes also filed a motion for summary judgment (Docs. 66, 70). Hernandez has responded to the motions for summary judgment (Doc. 73, 74), and

---

[1] Hernandez identifies "Stephen McInnes" as a defendant in the case caption, but he references both "Stephen McInnes" and "McInnis" throughout the Second Amended Complaint. Doc. 44 ¶¶3, 5, 26, 33–34.

[2] Hernandez previously brought two claims against Bernie McCabe, but the Court dismissed one of those claims without prejudice and dismissed the other claim with prejudice. Doc. 42 at 3–4, 28. The court also noted that McCabe died on January 1, 2021, but no party had filed a suggestion of death. *Id.* at 1 n.1. Now, although the Second Amended Complaint's caption names McCabe as a defendant and contains a paragraph identifying McCabe as a defendant, Hernandez does not bring any claim against McCabe. As such, the Court will direct the Clerk to terminate McCabe as a defendant in this action.

Defendants have replied (Docs. 77, 78). Thus, motions to dismiss and motions for summary judgment pend.

In their motions for summary judgment, Defendants advance the same main arguments against Hernandez's claims that they raise in their motions to dismiss. In his motion to dismiss, Starnes argues that he is entitled to qualified immunity and that Hernandez fails to plead a First Amendment retaliation claim for a variety of reasons, including Hernandez's purported failure to plead facts showing the absence of probable cause for the arrest. Doc. 50 at 3–5, 10. Similarly, in his motion for summary judgment, Starnes argues: he is entitled to qualified immunity; Hernandez pleads no facts showing the absence of probable cause for his arrest; the facts show that sufficient probable cause existed; and the facts show that arguable probable cause existed. Doc. 70 at 12, 14, 17–21.

In their motion to dismiss, Nocco, Clark, Tellier, Meissner, and McInnes offer several bases for dismissal, including: the individual defendants are entitled to qualified immunity; § 768.28(9)(a), Florida Statutes, requires the dismissal of the state-law claims against Nocco to the extent that Hernandez names Nocco in his individual capacity; § 768.28(9)(a), Florida Statutes, requires the dismissal of the state-law claims against Nocco in his official capacity; Hernandez fails to allege that the warrant was void or facially invalid; Hernandez fails to state a claim for negligent retention and supervision because he does not allege any factual allegations of incidents involving the deputies that gave Sheriff Nocco any reason to know that they would allegedly violate Hernandez's constitutional rights; and Hernandez does not allege any factual

3

allegations indicating that he was exercising protected speech or that he suffered adverse conduct by Clark, Meissner, McInnes, or Tellier as a result. Doc. 51 at 6–9, 12–16. Similarly, the arguments in their motion for summary judgment include: § 768.28(9)(a), Florida Statutes, requires the entry of summary judgment in Nocco's favor on the state-law claims to the extent that those claims name him in his individual capacity; the Court should grant summary judgment in Nocco's favor on the state-law claims against him in his official capacity; Hernandez's arrest was premised upon a warrant supported by probable cause; Hernandez supplies neither allegations nor proof related to the individual defendants' history in the narcotics division that should have indicated to Sheriff Nocco that they were unfit; Hernandez fails to plead or prove that Clark, Meissner, McInnes, and Tellier violated his clearly established rights under the First Amendment through a retaliatory arrest without probable cause; and, to the extent that Hernandez intends to bring a *Monell* claim, that claim fails. Doc. 66 at 13–16, 20, 24–25.

Because Defendants' motions for summary judgment advance the same main arguments against Hernandez's claims as the arguments raised in Defendants' motions to dismiss, the Court will deny the motions to dismiss and rule upon Defendants' motions for summary judgment to preserve judicial economy. Consideration of the motions for summary judgment will necessarily allow the Court to look beyond the four corners of the Second Amended Complaint and perform a thorough review of the submitted evidence, unlike a review of the motions to dismiss. Any party desiring an extension of a deadline in the Case Management and Scheduling Order while the

Court considers the motions for summary judgment may file a motion requesting that relief.[3]

Finally, the parties have failed to file a stipulation of agreed material facts. The Case Management and Scheduling Order provides, "On or before the date on which the memorandum in opposition [to a motion for summary judgment] is due, the parties shall file a stipulation of agreed material facts signed by the movant and the parties opposing summary judgment . . . ." Doc. 25 at 6. As such, the parties must file this stipulation within the time provided below.

Accordingly, it is **ORDERED**:

1. The Opposed Amended Motion to Dismiss the Second Amended Complaint by Defendant Christopher Starnes (Doc. 50) is **DENIED**.

2. The Amended Motion to Dismiss Second Amended Complaint with Prejudice by Defendants Sheriff, Nocco, Clark, Tellier, Meissner, and McInnis (Doc. 51) is **DENIED**.

3. Defendants shall answer the Second Amended Complaint within **FOURTEEN (14) DAYS** of the date of this order.

4. Within **FOURTEEN (14) DAYS** of the date of this order, the parties shall file a stipulation of agreed material facts, in accordance with the Case Management and Scheduling Order (Doc. 28).

---

[3] However, as previously explained, the Court will not grant another extension of the mediation deadline, absent extraordinary circumstances. Doc. 76.

5. The Clerk is directed to terminate Bernie McCabe as a party to this action.

**DONE AND ORDERED** in Tampa, Florida on December 17, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any